IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| STEVEN M. CALCUTT, | ) | C.A. No. 4:04-0839-25 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

     This matter comes before the undersigned upon the plaintiff's October 24, 2004, motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. # 9). In particular, the plaintiff now seeks an award of attorney's fees in the amount of $6,525.00 (29.00 hours x $225.00 per hour) and costs and expenses in the amount of $179.00, following resolution of this case by consent Order. (Doc. # 10).

     On November 19, 2004, the defendant filed a memorandum in relation to the instant motion. In particular, the defendant conceded plaintiff's entitlement to a "reasonable" amount of attorney's fees and costs, but requested that the Court award no more than $2,388.75 for attorney's fees (16.25 hours x $147.00 per hour) and costs and expenses in the amount of $179.00. (Doc. # 11). The plaintiff has not replied to the defendant's memorandum.

     In cases involving an award of attorney fees, the Fourth Circuit has held that the guidelines established in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), must be followed. <u>Barber v. Kimbrell's, Inc.</u>, 577 F.2d 216 (4th Cir. 1978), <u>cert</u>. <u>denied</u>, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). The utilization of the <u>Johnson</u> factors has been modified by the Supreme Court decisions in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The first step in this evaluation is to determine the number of hours reasonably expended and multiply that number times the customary fee for similar work. <u>Anderson v. Morris</u>, 658 F.2d 246 (4th Cir. 1981); <u>Blum v. Stenson</u>, *supra*. In its discretion, the Court may consider a number of factors in determining a reasonable hourly rate, including the

experience and skills of the attorney, the quality of representation, the novelty and complexity of the issue, and the results obtained. Id.

Based upon the undersigned's review of the record in the instant case, the Court concludes that the plaintiff's request for attorney's fees and costs is not totally "reasonable." Thus, the plaintiff's motion for attorney's fees, costs, and expenses shall be reduced as explained below.

Initially, the undersigned notes that EAJA provides that attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor...justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); Pierce v. Underwood, 487 U.S. 552, 571 (1988). The Court, however, has the discretionary authority to determine what a reasonable fee will be under any given circumstance. 28 U.S.C. 2412(b); May v. Sullivan, 936 F.2d 176 (4th Cir. 1991). In this case, no special factor has been shown by the plaintiff which reasonably justifies the requested $225.00 per hour attorney fee rate. Instead, the undersigned concludes that the attorney's fees in this case should be compensated at the rate of $150.00 per hour. Consideration of all relevant factors support this conclusion. Likewise, other courts have reached similar conclusions. *See eg.* Lambert v. Apfel, 89 F. Supp.2d 748 (W.D. Va. 2000) and Meade v. Barnhart, 218 F. Supp.2d 811 (W.D. Va. 2002) (each holding that an hourly attorney fee rate of $150.00 per hour was proper).

Additionally, purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated. Meade v. Barnhart, 218 F. Supp.2d 811 (W.D. Va. 2002); Keith v. Volpe, 644 F. Supp. 1312 (C.D. Cal. 1986). Therefore, the undersigned also concludes that it is appropriate to deduct 1.25 hours from the amount of compensable time requested by the plaintiff. In particular, plaintiff has requested that he be compensated for receiving and reviewing postage receipts and for hand delivery of pleadings. Because these tasks are essentially clerical in nature, 1.25 hours will be deducted from the amount of compensable time requested by the plaintiff.

Furthermore, plaintiff has requested that he be compensated for 5.0 hours for "undocumented" telephone conversations. Such a request is not totally appropriate. A fee applicant bears the burden of documenting the appropriate hours in regard to the reasonableness of the hours claim. Surge v. Massanari, 155 F. Supp.2d 1301 (M.D. Ala. Jul 20, 2001). As well, where the documentation of hours is inadequate, the Court may reduce the award accordingly. Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001). The defendant contends, and the undersigned agrees, that plaintiff should be compensated for no more than 1.0 hour of undocumented telephone conversations. Therefore, the plaintiff's request for compensable time relating to such telephone conversations shall also be reduced by a total of 4.0 hours.

Finally, the undersigned concludes that all other requests made by the plaintiff are reasonable and shall be compensated accordingly. Likewise, the defendant has agreed to pay the plaintiff expenses and costs in the amount of $179.00.

Therefore, **IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees in the amount of $3,562.50 (23.75 hours x $150.00 per hour) and for expenses and costs in the amount of $179.00 is **GRANTED**. (Doc. # 9).

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

April 22, 2005
Florence, South Carolina

3